IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUNE BUFORD, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. __4:21__ -cv- 00909 |
| | § | |
| FAMILY DOLLAR STORES OF | § | JURY TRIAL DEMANDED |
| TEXAS, LLC | § | |
| *Defendant.* | § | |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JUNE BUFORD,
    *Plaintiff,*

v.

FAMILY DOLLAR STORES OF
TEXAS, LLC,
    *Defendant.*

§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. <u>4:21-cv-00909</u>
JURY TRIAL DEMANDED

---

### DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S
### INDEX OF MATTERS BEING FILED

---

Pursuant to Federal Rule of Civil Procedure 81, Defendant FAMILY DOLLAR STORES OF TEXAS, LLC hereby attaches this Index of Matters Being Filed to its Notice of Removal.

**Exhibit 1:**   All Executed Process:

- Executed Return of Service on Lowe's Home Centers, LLC served on February 24, 2021.

**Exhibit 2:**   All State Court Pleadings:

- Plaintiff's Original Petition and Discovery Request, filed on February 12, 2021;
- Defendant Family Dollar Stores of Texas, LLC Original Answer to Plaintiff's Original Petition filed on March 18, 2021.

**Exhibit 3:**   State Court Docket Sheet

**Exhibit 4:**   List of all counsel of record, including addresses, telephone numbers, and parties represented.

---

# EXHIBIT 1

*(Executed Service of Process)*

2/25/2021 9:02 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50898946
By: JIMMY RODRIGUEZ
Filed: 2/25/2021 9:02 AM

Receipt Number: 926840
Tracking Number: 73841584

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202109285

| | |
|---|---|
| PLAINTIFF: BUFORD, JUNE | In the 125th Judicial |
| vs. | District Court of |
| DEFENDANT: FAMILY DOLLAR STORES OF TEXAS LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: FAMILY DOLLAR STORES OF TEXAS LLC MAY BE SERVED THROUGH ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on February 12, 2021, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this February 15, 2021.

*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: ADILIANI SOLIS

Issued at request of:
Armstrong, Scott
2900 NORTH LOOP WEST STE. 830
HOUSTON, TX  77092
832-709-1124

Bar Number: 24092050

## CAUSE NO. 2021-09285

| | | |
|---|---|---|
| BUFORD, JUNE<br>**PLAINTIFF** | §<br>§<br>§ | |
| VS. | §<br>§ | IN THE 125th District Court |
| FAMILY DOLLAR STORES OF TEXAS LLC<br>**DEFENDANT** | §<br>§<br>§<br>§<br>§ | HARRIS COUNTY, TX |

## RETURN OF SERVICE

**ON Monday, February 15, 2021 AT 1:56 PM**
CITATION, PLAINTIFF'S ORIGINAL PETITION for service on Family Dollar Stores of Texas, LLC C/O REGISTERED AGENT CORPORATION SERVICE COMPANY came to hand.

**ON Wednesday, February 24, 2021 AT 3:05 PM, I, ADRIANA ADAM, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** Family Dollar Stores of Texas, LLC C/O REGISTERED AGENT CORPORATION SERVICE COMPANY, by delivering to John Spidel, 211 East 7th Street, AUSTIN, TRAVIS COUNTY, TX 78701.

My name is ADRIANA ADAM. My address is 14524A HARRIS RIDGE BLVD. UNIT A, PFLUGERVILLE, TX 78660. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 17714, expires 10/31/2021). My e-mail address is info@easy-serve.com. My date of birth is 3/30/1992. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in TRAVIS COUNTY, TX on Wednesday, February 24, 2021.

/S/ ADRIANA ADAM

Buford, June

Doc ID: 279861_1

# EXHIBIT 2

*(State Court Pleadings)*

2/12/2021 4:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50638349
By: Adiliani Solis
Filed: 2/12/2021 4:58 PM

CAUSE NO.

| | | |
|---|---|---|
| JUNE BUFORD | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FAMILY DOLLAR STORES OF | § | |
| TEXAS, LLC | § | |
| *Defendant.* | § | JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

June Buford ("***Plaintiff***") files this Original Petition complaining of Family Dollar Stores of Texas, LLC ("***Family Dollar***" or *"**Defendant**"*) and would show that:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct Discovery under Level 2 and requests the issuance of a discovery control plan under Tex. R. Civ. P. 190.3.

### PARTIES

2.      Plaintiff is an individual who is a resident of Harris County, Texas. Plaintiff may be served through the undersigned counsel.

3.      Defendant is a foreign limited liability company doing business in Texas and may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street Suite 620 Austin, Texas 78701. Plaintiff requests issuance of citation to Defendant.

### JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court because the amount-in-controversy is within the jurisdictional limits of this Court.   Plaintiff seeks monetary relief of over

$250,000 but not more than $1,000,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Further, Defendant does substantial business in Texas and is subject to the Court's general and specific jurisdiction.

5.     Venue is appropriate in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code Section 15.002(a)(1) because all or a substantial part of the events giving rise to the claim occurred in Harris County, Texas.

## FACTUAL BACKGROUND

6.     On or about July 23, 2020, Plaintiff was seriously injured while she was shopping in the Defendant's Family Dollar store located at 12671 Bissonnet street, Houston, Texas 77099 (the "*store*" or "*premises*"). As Plaintiff was walking to the back of the store, she slipped and fell on some standing liquid and lost her balance. Upon information and belief, the standing liquid on the ground that Ms. Buford slipped in was liquid laundry soap.

7.     On information and belief, there was only one employee working on the floor of the store when Ms. Buford fell, and she was at the front of the store.  Ms. Buford tried calling out for help after her fall, but no one ever came. After she managed to pull herself up Ms. Buford had to walk around the store in search of the single employee so that she could report the incident.

8.     At the time of the incident Ms. Buford did not know that there was laundry soap spilled all over the ground, and there were no warnings, barricades, or spotters indicating that there was a spill on the ground.

9.     Plaintiff's fall resulted in serious injury, caused her physical pain, and forced her to incur significant expenses in medical care and treatment for injuries her left wrist,

hand and other parts of her body. Additionally, Plaintiff suffered and continues to suffer mental anguish.

## CAUSES OF ACTION
### <u>Negligence</u>

10.     Plaintiff hereby incorporates by reference all paragraphs in this Petition.

11.     Defendant owed Plaintiff a duty of ordinary care in maintaining a safe environment, including a responsibility to inspect and make safe any dangerous condition or give adequate warning of any hazardous conditions.

12.     Defendant's agents or employees knew or should have known of the dangerous conditions on the premises which was in their control at the time of the incident in question.

13.     Defendant breached their duty of ordinary care and are liable to Plaintiff for negligence by:

       a.     failing to care for the premises in a reasonable manner;

       b.     creating the dangerous condition;

       c.     failing to adequately warn of the spilled laundry soap;

       d.     failing to inspect and make safe any dangerous condition;

       e.     failing to maintain a dry floor;

       f.     failing to monitor the status of the spill;

       g.     failing to develop and implement proper safety protocol for cleaning spills;

       h.     failing to enforce any existent precautionary measures and safety protocols; and

       i.     other acts deemed negligent.

-3-

14.     Defendant is liable under the doctrine of *respondeat superior* for the acts and omissions of their agents, servants, employees, and statutory employees and agents, including the janitorial staff, security, maintenance staff, or any other staff member in charge of keeping the stores clean and safe for customers. The acts and/or omissions committed by Defendant's agents, servants, and/or employees were performed during the course and scope of their employment with Defendant, which proximately caused the damages pled herein.

15.     Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries and damages.

## DAMAGES

16.     Plaintiff's damages include, *inter alia*, injuries to her left wrist and hand which resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems. Plaintiff has incurred medical expenses and is likely to incur future medical expenses due to the severity of her injuries caused by the Defendant's negligence.

17.     As a result of Defendant's negligence, Plaintiff was injured and brings this suit for the following damages:

a.     Past and future medical expenses;

b.     Past and future physical pain and mental anguish;

c.     Past and future physical impairment;

d.     Punitive damages.

## DEMAND FOR JURY TRIAL

18.     Plaintiff demands a trial by jury on all claims.

## PRAYER

Plaintiff prays that Defendants be cited to appear herein and, after a trial on the merits, that the Court enter judgment awarding Plaintiff actual damages and additional damages as allowed by law, exemplary damages, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, at equity and at law, to which Plaintiff may be justly entitled.

Respectfully submitted,

ARMSTRONG & LEE LLP

By: ___/s/ Scott P. Armstrong_____
   Scott P. Armstrong
   State Bar No. 24092050
   Teri M. Russell
   State Bar No. 24108362
   2900 North Loop West, Ste. 830
   Houston, Texas 77092
   Telephone:    (832) 709-1124
   Facsimile:    (832) 709-1125
   sarmstrong@armstronglee.com
   trussell@armstronglee.com
   service@armstronglee.com

   ATTORNEYS FOR PLAINTIFF

3/18/2021 1:33 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51604456
By: C Ougrah
Filed: 3/18/2021 1:33 PM

CAUSE NO. 2021-09285

| | | |
|---|---|---|
| JUNE BUFORD, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| FAMILY DOLLAR STORES OF TEXAS, | § | |
| LLC, | § | |
| | § | |
| *Defendant.* | § | 125TH JUDICIAL DISTRICT |

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S ORIGINAL ANSWER

### I.   GENERAL DENIAL

1.     Defendant denies each and every, all and singular, material allegations contained within Plaintiff's pleadings and any amendments or supplements thereto and demands strict proof thereof.

### II.   INFERENTIAL REBUTTAL INSTRUCTIONS

2.     Defendant assert the following by way of inferential rebuttal and requests that the Court instruct the jury as follows:

a.     **New and Independent Cause / Superseding Intervening Cause**. The alleged damages in question as alleged by Plaintiff were caused, in whole or in part, by an act or omission of a separate and independent agency, not reasonably foreseeable to the Defendant, that destroyed any causal connection between the alleged acts or omissions of the Defendant and the injury complained of thus becoming an intervening, superseding cause of the incident and/or alleged injuries.

b.      **Sole Proximate Cause**. The act(s) or omission(s) of another person, including Plaintiff or another entity was the sole cause of the damages alleged by Plaintiff.

c.      **Prior and/or Subsequent Injuries/Conditions**. Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences. Also, Plaintiff's claims of injuries and damages are the result in whole or in part of pre-existing conditions, injuries, diseases, illnesses, and disabilities and not the result of any act or omission on the part of the Defendant.

## III.   AFFIRMATIVE DEFENSES

3.      By way of affirmative defense, pleading in the alternative and without waiving the foregoing general denial:

a.      **Failure to State a Claim.** Plaintiff fails to state a claim for punitive damages on which relief may be granted.

b.      **Comparative Negligence-Responsibility.**  Defendant would show that the negligence of Plaintiff and one or more third parties and/or one or more Co-Defendant was/were the sole, or a partial, proximate cause of the accident and the injuries and damages alleged by Plaintiff. Because of Plaintiff's negligence, Plaintiff is/are barred, in whole or in part, from a recovery of damages from Defendant. Also, pursuant to Ch. 33, Texas Civil Practice and Remedies Code, Defendant invokes the doctrine of comparative responsibility and would further show Defendant is/are entitled to an issue submitted to the jury on the comparative responsibility of Plaintiff and/or any third-party and/or any Co-Defendant who caused, contributed or was responsible for the injuries and damages alleged by Plaintiff.

c.     **Responsible Third parties.**   Pleading further and in the alternative, without waiving the foregoing, Defendant asserts that the occurrence in question and/or the alleged damages were proximately and/or producing caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third-parties, persons, or entities over whom Defendant has no right of control nor for whom Defendant is/are legally responsible. Furthermore, to the extent the acts and/or omissions for which Plaintiff complain/complains were committed by persons subject to Defendant's supervision and control, Plaintiff's claims are barred against Defendant, in whole or in part, because said persons acted beyond the scope of their authority to act on behalf of Defendant. Also, regarding other parties' causation of Plaintiff's injuries, Defendant's liability must be reduced, and if Defendant are found to be jointly and severally liable, Defendant is/are entitled to a judgment for contribution from these other parties.

d.     **Failure to Mitigate**.   Plaintiff failed, either in whole or in part, to mitigate damages as required under applicable law. Any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has/have failed to take the reasonable steps that a person of ordinary prudence in the same or similar situation would have taken to avoid the damages claimed in this lawsuit.

e.     **Paid-or-Incurred Medical-Expense Limitation**. Plaintiff's recovery of medical or health care expenses be limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to § 41.0105 of the Tex. Civ. Prac. & Rem. Code.

f.     F**ailure to Submit Medical Bills to Medical-Insurance Provider.**   Plaintiff's claims for medical expenses are barred by the provisions of § 146, et seq of the Tex. Civ. Prac. & Rem. Code, to the extent that Plaintiff is/are covered by medical insurance and medical providers have refused to

submit the medical bills to the medical insurance provider. Tex. Civ. Prac. & Rem. Code § 146.003.

g.     **Credit/Offset**. Defendant is/are entitled to a credit or offset for all monies or consideration paid to or on behalf of Plaintiff by virtue of any type or form of settlement agreement entered into by and between Plaintiff and any settling person, responsible third-party or any other person or entity not a party to this lawsuit. Defendant claims and is/are entitled to all lawful settlements, credits and offsets including but not limited to those set forth in Tex. Civ. Prac. & Rem. Code §33.012 and §41.0105. Thus, Defendant assert the affirmative defenses of offset, credit, payment, release, and accord and satisfaction to the extent applicable as provided under Texas Rule of Civil Procedure 94.

h.     **Loss of Earnings / Loss of Earning Capacity—Post-Tax-Payments/Liability**. Pursuant to Tex. Civ. Prac. & Rem. Code § 18.091, Plaintiff must prove Plaintiff's alleged loss of earnings and/or loss of earning capacity in a form that represents their net loss after reduction for income tax payments or unpaid tax liability. Also, Defendant request the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is/are subject to federal and state income taxes.

i.     **Assumption of the Risk.**  Plaintiff assumed the risk associated with engaging in the activity associated with the incident made the basis of this lawsuit.

j.     **Damages Bars and Limitations.**  Plaintiff's claims, if any, for exemplary, punitive, or other damages are barred, limited, restricted, and/or governed by the provisions of the Tex. Civ. Prac. & Rem. Code Ch. 41 and other applicable law.

k.     **Punitive-Damages Unconstitutionality.**  Defendant further invokes Defendant's rights under the Due Process Clause and Equal Protection

Clause of the Fifth, Eighth (as it applies to the States through the Fourteenth Amendment), and Fourteenth Amendment of the United States Constitution. Punitive and/or exemplary damages is/are violative of the Fifth, Eighth, and Fourteenth Amendment inasmuch as punitive and/or exemplary damages can be assessed:

    (1)       in an amount left to the discretion of the jury and judge;

    (2)       in assessing such sums, the decision of the jury need only be based on a vote of ten jurors and does not require a unanimous verdict;

    (3)       in assessing such penalty or exemplary awards, Plaintiff need/needs only prove the theory of gross negligence on a clear-and-convincing-evidence standard and not on a "beyond a reasonable doubt" standard, as should be required in assessing a punishment award;

    (4)       also, the Defendant who is/are subject to the award does not have the right to refuse to testify against herself, but must, in fact, take the stand and/or give deposition testimony or subject herself to the consequences of a default judgment;

    (5)       the assessment of such a punishment and/or exemplary award is/are not based on a clearly defined statutory enactment setting forth a specific mens rea requirement and/or other prerequisites of a criminal fine and, in effect, allows the assessment of such awards though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process;

    (6)       in essence, Defendant herein is/are subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines; but Defendant receives none of the basic rights afforded a criminal defendant when being subjected to possible criminal penalties; and

    (7)       the assessment of punitive and/or exemplary damages differs from defendant to defendant and treats similar Defendant in dissimilar ways.

Thus, Defendant herein invokes Defendant's rights under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and requests this Court disallow the award of punitive and/or exemplary damages

in as much as an award in this case would be violative of this Defendant's United States Constitutional rights.

4.     **Reservation of Rights.** Defendant hereby gives notice Defendant intends to rely on such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserve the right to amend its Answer to assert such defenses.

## IV.     TEX. R. CIV. P.193.7 NOTICE

5.     Pursuant to Tex. R. Civ. P. 193.7, Defendant hereby gives actual notice to Plaintiff that any and all documents produced by Plaintiff may be used against Plaintiff at any pretrial proceeding or at the trial of this matter without the necessity of authenticating the documents.

## V.     TEXAS RULE OF EVIDENCE 609(f) REQUEST

6.     Defendant requests that Plaintiff, pursuant to Texas Rules of Evidence 609(f), give Defendant sufficient advanced written notice of Plaintiff's intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

## VI.    JURY DEMAND

7.    Defendant demands a trial by jury and tenders the applicable jury fee with its Answer.

## VII.    RELIEF REQUESTED

8.    Defendant prays that:

a.    Plaintiff take nothing by this lawsuit;

b.    Defendant go hence with its costs (i.e., its costs be taxed against Plaintiff) without delay; and

c.    for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**
4400 Post Oak Parkway, Suite 1980
Houston, Texas 77027
713.487.2000 / Fax 713.487.2019

By:  */s/ Kevin Riley*
     Kevin P. Riley
     State Bar No. 16929100
     kriley@mayerllp.com
     Harry L. Laxton Jr.
     Southern Bar No. 906711
     State Bar No. 24093092
     hlaxton@mayerllp.com

**ATTORNEYS FOR DEFENDANT
FAMILY DOLLAR STORES OF TEXAS,
LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of March 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

Scott P. Armstrong
State Bar No. 24092050
2900 North Loop West, Ste. 830
Houston, Texas 77092
Email:  sarmstrong@armstronglee.com

**_COUNSEL FOR PLAINTIFF_**

☐ E-MAIL
☐ HAND DELIVERY
☐ FACSIMILE
☐ OVERNIGHT MAIL
☐ REGULAR, FIRST CLASS MAIL
☒ E-FILE AND SERVE
☐ E-SERVICE ONLY
☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED

_/s/ Kevin P. Riley_
Kevin P. Riley

# EXHIBIT 3

*(State Court Docket Sheet)*

# 2021-09285

**COURT:**    125th

**FILED DATE:**  2/12/2021

**CASE TYPE:**  Premises



**BUFORD, JUNE**

Attorney: RUSSELL, TERI MAIJA

**vs.**

**FAMILY DOLLAR STORES OF TEXAS LLC**

Attorney: RILEY, KEVIN P.

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

# EXHIBIT 4

*(List of all Counsel of Record)*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUNE BUFORD, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. <u>4:21</u>-cv-00909 |
| | § | JURY TRIAL DEMANDED |
| FAMILY DOLLAR STORES OF | § | |
| TEXAS, LLC, | § | |
| *Defendant.* | § | |
| | § | |

### COUNSEL OF RECORD AND INFORMATION PURSUANT TO
### LOCAL RULE CV-81(C)

(1)     A list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (pending, dismissed);

> ***Plaintiff***     June Buford

> ***Defendant***   Family Dollar Stores of Texas, LLC

> The removed case is currently pending.

(2)     A civil cover sheet and a certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g. complaints, amended complaints, supplemental complaints, counterclaims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a).

> See attached civil cover sheet and documents attached to Defendant's Notice of Removal.

(3)     A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

| | |
|---|---|
| Scott P. Armstrong<br>**ARMSTRONG & LEE LLP**<br>Teri M. Russell<br>State Bar No. 24108362<br>2900 North Loop West, Suite 830<br>Houston, Texas   77092<br>Phone – 832-709-1124<br>Fax – 832-709-1125<br>Email:  sarmstrong@armstronglee.com<br>Email:  trussell@armstronglee.com<br>Email:  service@armstronglee.com<br><br>***Counsel for Plaintiff***<br>**June Buford** | **MAYER LLP**<br>Kevin P. Riley<br>State Bar No. 16929100<br>Southern Bar No. 13776<br>Email: kriley@mayerllp.com<br>Harry L. Laxton Jr.<br>State Bar No. 12061762<br>Southern Bar No. 906711<br>Email: hlaxton@mayerllp.com<br>4400 Post Oak Parkway, Suite 1980<br>Houston, Texas 77027<br>713.487.2000/713.487.2019 – fax<br><br>***Counsel for Defendant***<br>**FAMILY DOLLAR STORES OF TEXAS, LLC** |

(4)    A record of which parties have requested a trial by jury (this information is in addition to placing the word "jury" at the top of the Notice of Removal immediately below the case number);

    Defendant, Family Dollar Stores of Texas, LLC has requested a trial by jury.

(5)    The name and address of the court from which the case is being removed.

    125th Harris County District Court
    Judge Kyle Carter
    Harris County Civil Courthouse
    201 Caroline, 10th Floor
    Houston, Texas 77002
    832.927.2550